IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ebone Ford, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:17-2394-BHH |
| v. | ) |
| | ) |
| Nancy A. Berryhill, Acting | ) **ORDER** |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Ebone Ford's ("Plaintiff") claim for supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court declines to adopt the Magistrate Judge's Report and instead remands this matter for further proceedings.

## **BACKGROUND**

Plaintiff was 26 years old on her alleged disability onset date of January 7, 2013. Her application was denied initially and upon reconsideration, and she requested a hearing

before an administrative law judge ("ALJ").  A hearing was held on Amy 5, 2016, at which Plaintiff, who was represented by counsel, appeared and testified.  The ALJ issued a decision on June 23, 2016, denying Plaintiff's claim.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review of the Commissioner's final decision on September 6, 2017.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*  If a party fails to file any specific objections, this Court "need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established

by the Social Security Act.  Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination

3

involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date of October 31, 2013. Next, the ALJ determined that Plaintiff has the following severe impairments: diabetes, degenerative joint disease of the left knee, and obesity. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform the full range of

4

sedentary work as defined in 20 C.F.R. § 416.967(a) with the additional limitation of no climbing of ladders, ropes, and scaffolds and only occasional climbing of ramps and stairs. The ALJ found that Plaintiff was not able to perform past relevant work, but that considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she could perform. Therefore, the ALJ found that Plaintiff was not disabled from the date her application was filed.

## II.     The Court's Review[1]

In this action seeking judicial review, Plaintiff alleges that the ALJ's RFC assessment was not based on substantial evidence. Specifically, Plaintiff complains that the ALJ did not categorize Plaintiff's lower extremity edema as a severe or non-severe impairment and overlooked objective medical evidence in concluding that Plaintiff's testimony was "just not consistent with the evidence of record." (ECF No. 10-2 at 16.) In addition, Plaintiff complains that the ALJ improperly discredited her testimony based on her failure to take medications and follow physicians' recommendations without properly considering Plaintiff's inability to afford treatment. Plaintiff also complains that the ALJ erred in discounting the opinion of FNP Gail Smith.

In her Report, the Magistrate Judge outlined the evidence and examined Plaintiff's claims but ultimately found them to be without merit. In so finding, the Magistrate Judge noted that the ALJ considered Plaintiff's lower extremity edema throughout his decision and

---

[1] Numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

determined that, to the extent Plaintiff alleges the ALJ erred in failing to address Plaintiff's lower extremity edema at step two, any error was harmless based on the ALJ's acknowledgment of the impairment in explaining his RFC determination. With regard to Plaintiff's inability to afford treatment, the Magistrate Judge first noted that the ALJ acknowledged Plaintiff's financial limitations in his decision. The Magistrate Judge then determined that the ALJ's failure to specifically discuss Plaintiff's inability to afford treatment was harmless because the ALJ did not discount Plaintiff's credibility solely on this factor. Finally, the Magistrate Judge determined that the ALJ discussed in detail the evidence that supported Plaintiff's RFC and found no error in the ALJ's treatment of the opinion of FNP Gail Smith.

In her objections to the Magistrate Judge's Report, Plaintiff first claims that "[c]entral to [her] claim is her financial inability to obtain even minimally adequate medical treatment." (ECF No. 26 at 1.) She asserts: "While the Magistrate Judge states 'that the ALJ expressly acknowledged Plaintiff's financial limitations in his decision,' mere acknowledgment does not approach the required consideration of this factor in a disability claim." (*Id.* at 1.) After review, and for the following reasons, the Court agrees with Plaintiff.

The Fourth Circuit has held that "[a] claimant may not be penalized for failing to seek treatment she cannot afford."[2] *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986)

---

[2] Pursuant to Social Security Ruling 16-3p:

if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.

6

(holding that the ALJ erred in determining that the plaintiff's impairment was not severe based on her failure to seek treatment where the record reflected that she could not afford treatment); *see also Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir.1984) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him"). "As a result, an ALJ should not discount a claimant's subjective complaints on the basis of her failure to seek medical treatment when she has asserted–and the record does not contradict–that she could not afford such treatment." *Dozier v. Colvin*, 2015 WL 4726949, *3 (D.S.C. Aug. 10, 2015) (citing *Lovejoy*, 790 F.2d at 1117). In *Lovejoy*, the Fourth Circuit also explained:

> We recognize that the Secretary did not deny benefits on the basis of noncompliance with prescribed treatment; however, it is as erroneous to consider the claimant's failure to seek treatment as a factor in the determination that her impairment is not severe as it would be to reach the ultimate conclusion that the claimant is not disabled because she failed to follow prescribed treatment when that failure is justified by lack of funds.

790 F.2d at 1117.

Here, the Magistrate Judge is correct that the ALJ acknowledged Plaintiff's financial limitations by citing her testimony that she did not have insurance and visits a volunteer clinic as well as her testimony that she could not go to a specialist because she has no money or insurance. (*See* ECF No. 10-2 at 16.) However, in deciding to give little weight to the claimant's testimony, the ALJ also specifically stated:

> There are instances in the record where the claimant reported that she was out of her medications and not following her diet as recommended. The claimant's failure to take her medications as prescribed and follow recommendations offered by her physicians suggests that her symptoms may have not been as serious as has been alleged.

S.S.R. 16-3p.

7

(ECF No. 10-2 at 16-17.) At the hearing, Plaintiff testified that she failed to take her medication when the clinic ran out of it because she could not afford to go to the drug store and buy it, and that instead she had to wait for the clinic to get more of it. (ECF No. 10-2 at 36.) Thus, the Court finds that in discrediting the severity of Plaintiff's symptoms based on her failure to take medication, the ALJ effectively penalized Plaintiff without considering her inability to afford medication. In addition, although the ALJ did not discredit Plaintiff's testimony *solely* based on her failure to take medication, the Court does not agree with the Magistrate Judge that the ALJ's failure to assess Plaintiff's financial limitations was harmless.[3] This is because the ALJ's other reason for discrediting Plaintiff's testimony–his finding that her testimony was not consistent with clinical findings–also relates to Plaintiff's inability to afford treatment insofar as she specifically testified that her financial limitations prevent her from getting treatment.[4] Importantly, nowhere in his decision does the ALJ make any factual findings regarding Plaintiff's inability to obtain treatment or the resources available to her. (*See, e.g.*, ECF No. 10-2 at 33-34.) While it is Plaintiff's burden to prove

---

[3] The Court recognizes that other courts in this district have found that an ALJ's failure to discuss a plaintiff's inability to afford treatment was harmless error, but in those cases the plaintiff either did not raise inability to pay before the ALJ, *Burton v. Colvin*, 2016 WL 7209142, *3 (D.S.C. Dec. 3, 2016); *Caines v. Colvin*, 2015 WL 5178170 (D.S.C. Sept. 3, 2015), or the plaintiff's failure to seek additional treatment was only one factor considered where the ALJ clearly would have reached the same result regardless. Morton v. Colvin, 2016 WL 11201443, *18 (D.S.C. Dec. 7, 2016); *King v. Colvin*, 2014 WL 906795, *2 (D.S.C. March 7, 2014); *Bazar v. Colvin*, 2015 WL 1268012 (D.S.C. March 19, 2015). The Court finds the instant case distinguishable from these cases because Plaintiff's financial limitations are relevant to both of the reasons the ALJ gave for discrediting Plaintiff's testimony.

[4] The Court also notes that the ALJ's finding that Plaintiff's testimony was not consistent with clinical findings is also suspect because–as Plaintiff points out in her objections–the records from approximately half of Plaintiff's medical visits document leg swelling or leg and foot pain, but the ALJ's decision does not clearly explain the weight given to these medical records or give specific reasons for disregarding them.

disability, it is up to the ALJ to provide "specific factual findings regarding the resources available to [Plaintiff] and whether her failure to seek additional treatment was based upon her alleged inability to pay." *Dozier*, 2015 WL 4726949, *4. Because the ALJ did not do this, the Court finds that remand is warranted. *See also Thomas v. Colvin*, 2016 WL 5109199, *10 (D.S.C. Aug. 24, 2016) ("Courts in this district have consistently found remand necessary where the ALJ considered the claimant's failure to seek treatment in the disability determination despite evidence in the record of the claimant's inability to afford treatment.") (citing cases); *Fleming v. Astrue*, C/A No. 5:11–304–DCN–KDW, 2012 WL 3686622 (D.S.C. Jul.10, 2012), adopted by 2012 WL 3679628 (D.S.C. Aug. 24, 2012) (finding the ALJ's credibility assessment flawed and remanding the case where the ALJ considered the plaintiff's failure to seek treatment as a factor in the disability determination, and the record reflected that the plaintiff did not have the financial resources to obtain treatment).

On remand, the ALJ should make factual findings regarding Plaintiff's financial situation and its impact on her ability to obtain medical treatment and take her medications as prescribed. Because the ALJ's failure to adequately address Plaintiff's financial limitations is a sufficient basis for remand, the Court will not address Plaintiff's remaining objections. However, when reviewing the case on remand, and in determining Plaintiff's RFC and evaluating Plaintiff's subjective symptoms, the ALJ should specifically consider her other arguments.

## CONCLUSION

Based on the foregoing, the Court respectfully declines to adopt the Magistrate Judge's Report (ECF No. 24) and instead remands this action to the Commissioner

9

pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 8, 2019
Charleston, South Carolina